The Chief Justice
delivered the opinion ofthe court.*
This was an action of debt, brought by the Wickliffes against Guthrie and Cos, upon a judgment for damages re-hovered in an action of covenant.
The plaintiffs having obtained a judgment, the defendants brought the case tó this court by writ of error, where the judgment was reversed on the ground that the circuit court bad improperly instructed the jury, that they were bound to give interest to the plaintiffs, and had no discretion on the subject. The cause having been remanded to the circuit court, was again tried and issue joined upon the plea of payment. On the trial, the defendants having Shewn that a part of the demand was collected of them after the former judgment in the action was had, and before it was reversed, moved the court to instruct the jury that they bad no discretion to give interest by wav of damages outlie part paid, and that if they were of opinion the plaintiff’s were entitled to damages by way of interest, they should confine themselves to giving damages for the part, not paid. The court refused to give the instructions, and the jury having given in their verdict damages equal to the interest upon the whole demand up to the time of the part payment, and the interest on the balance until the time of trial, a judgment was given for the debt, and damages allowing a credit for the part paid. From that judgment the defendants have appealed to this court.
Two questions are made in this case—
]. Whether it was lawful for the jury tó give interest ⅛ 0f f]amaa-es after tide commencement of the suit?
*■ 2. Whether it was lawful for. them to give interest by way of damages, upon the whole amount of the debt up to t'me payment of" part?
The first question presents no difficulty. If the deten-lion of the debt before the commencement of the suit, furnishes a just claim to interest, the claim to interest for the detention of the debt, must be equally just, Tbe rule relied on in the argument for the appellants, that ⅛ personal actions damages accruing after the commence-meí)t l’lc ac*’01) ‘s not recoverable thereby, is applicable *585 Only to cases in which the damages accruing subsequently to the bringing of the suit, constitute the ground of a new action. The rule, when confined to such cases, is founded on reason and good sense, but would operate most unjustly if it were applied to cases like the present, where the damages are but an incident to the principal debt, and must be recovered in the same action or not be recovered at all. We can perceive nothing, therefore, improper in the jury’s giving interest in damages accruing after the commencement of the suit.
Bibb and B. Hardin for appellants, Wickliffe contra.
The second question presents, we apprehend, as little doubt as the first. Where interest follows the debt as a legal consequence, it is a settled rule to give interest upon the whole debt up to the time of the part payment, and deduct the credit from the principal and interest. This ruléis just, not because it has been established, but it was established because it is just, and if it be just in relation to those cases in which interest follows the debt as a legal consequence, it cannot be unjust when applied to that class of eases in which interest is a matter of discretion with the jury. What is done by operation of law in the former cases, as the thing is in itself just, cannot be unlawful when done by a jury in the latter cases. *
The judgment must be affirmed with costs and damages.

Ab<!en% Judge liowisi